UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAQUAN KELLY, #792018,           )
          Plaintiff,           )
                                     )    No. 2:20-cv-49
-v-           )
                                     )    Honorable Paul L. Maloney
UNKNOWN LABELLE, *et al.*,           )
          Defendants.           )
_____)

## ORDER

Plaintiff Shaquan Kelly, a prisoner under the control of the Michigan Department of Corrections (MDOC), initiated this civil right lawsuit. Defendant Labelle filed a motion for summary judgment. (ECF No. 36.) Labelle argues that Plaintiff failed to exhaust one of the claims he has against Labelle. The Magistrate Judge issued a report recommending the Court grant Defendant's motion. (ECF No. 41.) Plaintiff filed a motion for an extension of time to file objections. (ECF No. 43.) Contemporaneous with the motion for more time, Plaintiff filed his objections to the report and recommendation. (ECF No. 42.)

### A.

The Court **GRANTS** Plaintiff's motion for an extension of time. (ECF No. 43.) The Court accepts the objections as timely.

### B.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff claims Labelle retaliated against him by issuing a misconduct ticket arising out of an incident that occurred on December 15, 2019. The misconduct hearing occurred without Plaintiff. The Magistrate Judge acknowledged that Plaintiff claims he did not receive notice of the hearing. After receiving notice of the outcome of the misconduct hearing, Plaintiff requested a rehearing. Plaintiff's request for a rehearing did not mention retaliation. The Magistrate Judge recommends finding that Plaintiff did not exhaust his administrative remedies because, assuming Plaintiff did not get notice of the misconduct hearing, Plaintiff failed to identify retaliation as a basis for the rehearing.

Plaintiff objects. Pointing to the Magistrate Judge's citation to *Siggers v. Campbell*, Plaintiff argues that he could not raise the issue of retaliation at the hearing because he was not present at the hearing.

Plaintiff's objection is overruled. The Magistrate Judge accurately summarized the grievance process, including the purpose of the exhaustion requirement. Plaintiff does not object to any of that portion of the report and recommendation. When a prisoner's claim arises from a misconduct ticket, which cannot be the subject of a grievance, the prisoner must still exhaust his administrative remedies. The Sixth Circuit has offered some guidance as to how a prisoner might accomplish the requirement. The "only avenue" for challenging a misconduct ticket is a hearing. *Siggers v. Campbell*, 652 F. 3d 681, 694 (6th Cir. 2011) (citing

MDOC Policy Directive 03.02.130); see *Kinard v. Valone*, No., 19-1790, 2020 WL 4044991, at *2 (6th Cir. May 15, 2020) (applying *Siggers*, which involved a major misconduct, to minor misconduct reports). "This includes allegations of retaliation." *Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019) (citing *Siggers*).

On pages 8 and 9 of the R&R, the Magistrate Judge explained how a prisoner exhausts a claim that a false misconduct ticket was issued as retaliation. (PageID.228-29.) Because the retaliation claim must be exhausted, and because misconduct tickets cannot be grieved, a prisoner's misconduct retaliation claim must be raised either at the hearing or as part of the motion for rehearing or appeal. Plaintiff did not raise a claim for retaliation at a hearing or in his rehearing or appeal papers. Therefore, Plaintiff did not exhaust the available administrative remedies.

Accordingly, the Court **ADOPTS** the report and recommendation as its Opinion. (ECF No. 41.) The Court **GRANTS** Defendant Labelle's second motion for summary judgment. (ECF No. 36.) As noted by the Magistrate Judge, Plaintiff still has pending claims against Defendant Labelle.

**IT IS SO ORDERED.**

Date: December 16, 2021         /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge